The first case this morning on our docket is Agenda No. 1, No. 128, 398, People of the State of Illinois v. Jessica R. Lighthart. Counsel for the appellant, are you prepared to proceed? Good morning. My name is Stephen Becker. I represent the appellant, Jessica Lighthart. One of the fundamental tenets of statutory construction is that the specific controls over the general. Therefore, it's our contention that Rule 604-D and Rule 606-B control in this case, not as alleged by the state, Rule 606-A. This is all supported by this court's recent decision in People v. Walls in 2022, where the court clearly outlined that these two rules, Rule 604-D and Rule 606-B, apply in negotiated guilty plea cases. What's actually at issue here is whether the six-month period or the three-year period applies under the Post-Conviction Hearing Act. It's our position that Rule 604 governs, that it states in very plain and explicit language that no appeal shall be taken upon a negotiated plea of guilty, unless within 30 days the defendant files a motion to withdraw the plea of guilty and vacate the judgment. The committee comments to Rule 604-D are even more explicit, and they state that before a defendant may even file a notice of appeal, they must first move in the trial court to vacate the judgment and withdraw the plea. In this case, because of the ineffective assistance of Ms. Lighthart's counsel in filing the wrong post-plea motion, the timely motion to withdraw a plea and vacate judgment was never filed. Therefore, Ms. Lighthart could not file a notice of appeal legally, and because she could not file a notice of appeal, she could not file a direct appeal. And therefore — I'm sorry. Doesn't your argument, though, create uncertainty in the law? You know, did someone make a proper filing or not? How do we start the timing on everything? Isn't that a concern on the court you have with your argument? I don't believe so, Your Honor. I think the exact opposite. I think the rule that we are proposing would provide a bright-line rule for the court, namely that in any negotiated guilty plea case where a timely motion to withdraw a plea and vacate judgment was not filed, the defendant would have three years from the date of the conviction in order to file. So it sets forth a bright-line rule. I have the exact opposite opinion of the State. I think their construction would cause confusion. I can demonstrate it by this case. For example, Ms. Lighthart, who was a pro se defendant, she eventually filed a notice of appeal, not understanding that her attorney had already been deemed ineffective for not filing the proper motion. And if that's the case, the State is arguing she should only be given the six-month period where, for example, where there were some other defendant who maybe because they were more cognizant of the law or maybe just because they were lax and did not file any notice of appeal, they would get three years. So I have the exact opposite opinion. I think the construction that we have is very straightforward. It sets forth a bright line. And I think the position of the State here, where we base this solely on the ministerial act of filing one piece of paper for the notice of appeal, leads to absurd results and also leads to inequities. So if the appeal isn't filed within 30 days, you're saying it's never perfected and the court never acquires jurisdiction? Correct. So in a negotiated guilty plea case where the timely motion to withdraw plea and vacate judgment is not filed, in that case the defendant basically does not have a right to have an appeal because they cannot file a notice of appeal because the prerequisite is not met under Rule 604D and under the committee comments. In addition, it's interesting because Rule 606A, which the State is relying on, that is actually limited by Rule 606B, which says that except as provided in Rule 604D, the notice of appeal must be filed with the clerk of the court within 30 days. So that is clearly limited. So you're correct. If the proper post plea motion is not filed, it is our position that that particular defendant does not have a right to have an appeal. The only thing the ministerial act of filing the notice of appeal results in is the appellate court having jurisdiction to dismiss the appeal, which is exactly what happened in Ms. Lightheart's case. So that is the result of this is there is no right to an appeal under the plain language of Rule 604D unless the proper post plea motion is filed. Is that what the appellate court found or did the appellate court find when it dismissed the notice of appeal? Or did it find that the trigger for when the period of time to file a notice of appeal began in the October 1st date when there was a denial of the motion to reconsider? A timing, the dispute would be when did it, what was the trigger for the timing to start running? Was it when the motion to withdraw the plea was denied or was it when there was a denial of the motion to reconsider of the motion attacking the sentence? Wasn't that the issue before the appellate court? Yes. Yeah. The issue had to do with when the filing was done, but ultimately on the second appeal they found that the counsel was, my client had stated, an arguable claim of ineffective assistance. So when, back in, is it 06, that far ago, that the appellate court said the timing of the appeal, the original appeal, was too late. The trigger should have been denial of the motion to reconsider the sentence and not the denial of the motion to withdraw. There could have been an appeal filed on that argument, correct? Arguably there could have been. Yeah. Yeah. I think there could have been. There was not. But the question here is whether her post-conviction petition was timely. That's the question before this Court, is whether the petition she filed in August of 2007 was timely. Yes, yes. That is the issue before us, but, of course, it's related to the earlier appeal. It is, but the problem with the earlier appeal is the earlier appeal was not valid for the very reason that I'm stating. Why is it not valid if the court's decision was a matter of timeliness? We don't have jurisdiction because it was filed too late. Why was it a nullity? I'm not sure I understand what you mean by not valid. Well, because the improper post-plea motion was filed. Counsel filed a motion to reconsider sentence. That's not what Ms. Lightheart was pursuing. She was pursuing a motion to vacate the plea and withdraw the sentence because not only was she challenging the sentence as being excessive, but also that her counsel did not file proper mitigation evidence with respect to domestic violence. So the counsel filed the wrong post-plea motion. Once she did that, and that was not filed within the 30 days, therefore there was no way to properly appeal the case under the theory that she wished to go on. So the counsel had filed the wrong post-plea motion. As a matter of fact, Justice Tice, in the circuit court, Winnebago County, when I was in front of the judge there, he agreed with us that the counsel was ineffective for filing the wrong motion and actually told the State that they should have confessed error on that particular issue. So I think that's what is before the Court right now, is whether her post-conviction petition was timely filed within a three-year time period. The problem was that wrong post-plea motion was filed initially, and that's what set all of these series of events in place. The State basically argues that under Rule 606A, the Court should simply consider the notice of filing itself of the notice of appeal. That has several immediate problems. Number one is that, as I mentioned earlier, Rule 606B clarifies Rule 606A and says that except as provided in Rule 604D, which governs negotiated guilty plea cases. In addition, the State relied on this Court's decision in People v. Johnson. The difficulty was Johnson was not a negotiated guilty plea case, so had no application in our view. And thirdly, as we've just been discussing, a notice of appeal filed where there is no proper post-plea motion that's timely filed only has the effect for the defendant of allowing the appellate court for jurisdiction to dismiss the appeal. So it has no practical effect, as the Court in Ross said. In addition, we think that the committee comments are extremely helpful here. They are persuasive authority, but we would ask that the Court adopt them in this case, that basically no notice of appeal can be filed unless the proper post-plea motion is timely filed. We think that's the purveyment of this case. This is a case about a negotiated guilty plea, not a general appeal under Rule 606A. And also, even if the Court does not follow our argument with respect to Rule 604D and Rule 606B applying in this particular case, such that the three-year limitations period would apply, we would also argue that Ms. Lightheart, given the unusual earlier opinion in Central City as Yes. Counsel, what do you mean by the unusual circumstances of her case? Well, Your Honor, in this case, her post-conviction petition has been pending for 15 years. The reason that she has gone through this amount of time is because of the ineffectiveness of her counsel. At the time that she filed her original post-conviction petition, the only decision that was on file with any of the appellate courts was People v. Ross from the 3rd District. And that particular decision said that where a timely post-plea motion was not filed, what was important is that then they would have three years to file the post-conviction petition. So the only appellate decision that was in Illinois at the time allowed Ms. Lightheart three years in which to file her post-conviction petition, which she did. The Central City case basically was a similar situation. It was a labor dispute. And there was a question over when was the timeliness of filing the notice of appeal under administrative review law. There was a question whether it was 35 or 30 days. And because the law was in flux and the parties in that case followed the existing case law, both the appellate court and the Supreme Court said that we are not going to hold that particular party responsible for following the law that existed at the time. And, therefore, they rejected the timeliness argument, and they allowed the parties to proceed with the appeal. I think it's simply inequitable that Ms. Lightheart, who has been trying to get her post-conviction petition heard on the merits for 15 years, where the trial judge has already conceded that her counsel was ineffective for filing the wrong post-plea motion and setting all of the events, you know, into line here. Could you help us with the timeline? So, yes, the motion to reconsider the plea was in October of 2004. And then we talked about how there were notice of appeals filed. Correct. It went to the appellate court. Am I correct? In October of 2007, the trial court dismissed the PC. It went to the appellate court, and the appellate court ---- Judge, if I may, they actually dismissed from the notice of appeal in the earlier and the post-conviction appeal was in 2009. So the appellate court agreed, correct, and reversed the dismissal. Correct. And sent it back for further proceedings in 2009. That's correct. Why are we here in 2023? Well, that's the very question that I'm asking because her petition is ---- Was counsel appointed? She eventually got counsel. There was a long delay. She eventually had private counsel that came in for her, and he filed an amended petition. And then ---- So between 2009 and the amended petition was filed in 18. Is that right? Yes. So nine years from the time of the remand for the appellate court, it drifted. Nothing happened. Right. Nothing happened. She eventually got another ---- she had trouble with attorneys. She got another attorney who did file it, and then I was brought in. And I supplemented her petition when I got in ---- And that was in what, 2018? That was in 2021, I believe, that I came in and filed a supplemental petition for her. And then the state filed a motion to dismiss based on timeliness. And so that's how we got to this point. So that's why I'm arguing that given the equities here, I don't see that it's fair. She had been trying to litigate this and simply get back into court for 15 years of no fault of her own. Was it the fault of lawyers? Partially. But when I got on the case, I tried to expedite the matter as quickly as possible, filed a supplemental petition, and then we heard the case. And I have expeditionally litigated it up to this court. So I think that is the reason that I think this would be inequitable, given that the very basis for all these events being put into place was her counsel's ineffectiveness. And she has a valid ineffectiveness argument, and yet the state argues that her petition was untimely for the very reason that her counsel was ineffective. It simply seems inequitable. And for those reasons, I would ask that the court abide by its earlier decision in Central City. And even if you reject our argument on Rule 604D, under the equities, I think Ms. Lightheart should be entitled to go back for further proceedings. If there are no further questions, I would ask the court to reverse the judgment of the Second District and remand Ms. Lightheart's post-conviction for further post-conviction proceedings. Thank you very much for your time. Mr. Berkley. Good morning, Your Honors, Counsel. Thank you, and may it please the Court. Aaron Williams from the Office of the Attorney General on behalf of the people of the state of Illinois. All right. In this case, the Second District correctly concluded that Petitioner filed a direct appeal within the meaning of the Post-Conviction Hearing Acts, Statute of Limitations, and that, consequently, her post-conviction petition was due six months after her direct appeal proceedings ended and was time-barred because she did not file it within that six-month period. So I'd like to start by pointing out the obvious. This is a statutory interpretation question. This Court's rules play something of a secondary role in that statutory interpretation question. You say that that's true even though Rule 604D's language says, no appeal shall be taken without the post-plea and post-judgment. It's required prior to taking an appeal that they would file a motion to withdraw their plea of guilt. Correct. So I guess I'll start with that. When Rule 604D says that no appeal shall be taken upon a negotiated guilty plea without timely filing a motion to withdraw the plea, that does not mean that no appeal may be filed or that no notice of appeal may be filed or that if a defendant does file a notice of appeal, we treat it as a nullity or as though it was never filed. And the reason for that is that would make... But don't the committee comments indicate otherwise? The committee comments to 604D say since a defendant cannot even file a notice of appeal? No. So what that means is that if a defendant does file a notice of appeal without first timely filing a Rule 604D motion to withdraw their negotiated guilty plea, it violates Rule 604D. But the sanction for violating Rule 604D is not that we ignore their notice of appeal. It is that usually their appeal must be dismissed before we proceed to review the merits of their claims. But the committee comment doesn't say that, if I can finish. It says that since a defendant cannot even file a notice of appeal unless she timely files a motion to withdraw the plea, her improper notice of appeal should not be considered a direct appeal. Yes. So the committee comment does not say that. This Court's precedents since that committee comment have said that. So as the Court explained in People v. Flowers in 2004, although the failure to comply with Rule 604D's motion requirement generally precludes the appellate court from considering the merits of a defendant's claims unless an exception to Rule 604D applies, such as the Rule 605 admonition exception. It is not jurisdictional. It does not prevent the appellate court from acquiring jurisdiction. As the Court explained the same year in N. Ray William M., the failure to comply with Rule 604D's motion requirement cannot be a jurisdictional error, because if it was, that would make it impossible for an appellate court to apply any of the exceptions that exist to Rule 604D. The court could not, for example, ask if the defendant was properly admonished of the need to file the Rule 604D plea withdrawal motion and whether that excused their failure to do it, because that would mean that the appellate court simply has no jurisdiction and it would have to dismiss before reaching that question. So for the same reason, it cannot be the case that the failure to file a Rule 604D motion means that we treat their notice of appeal as though it were never filed, because that would mean that the appellate court has no jurisdiction, because there has to be a notice of appeal on file for the appellate court to have jurisdiction. Saying that something has to be done in order to file a notice of appeal or in order for their notice of appeal to be treated as filed is just another way of saying that something is jurisdictional, because the notice of appeal is jurisdictional. And because this Court has clearly held that Rule 604D is not jurisdictional, it also can't be a condition precedent to filing a notice of appeal. Ginsburg. May I ask a question? There are a lot of dates here, and I've tried to make it short. Maybe I'm confused on some. There was a motion to withdraw file, correct? Waxman. Yes. Ginsburg. And then it was ruled on. Waxman. Yes. Ginsburg. And then there was a notice of appeal taken from that ruling. Waxman. Correct. So what happened here is that her notice of her Rule 604D motion to withdraw her negotiated guilty plea was filed late. And as a consequence of that, it did. Is that what the appellate court said ultimately when it decided the case? So, yes. What did the appellate court say? I have not read the opinion from 06. So, yes. In her direct appeal. What was the finding? In other words, let's be real clear. There has to be a motion to withdraw to be able to have an appeal. There was a motion to withdraw that was filed. There was a denial of that. There was a notice of appeal from the withdrawal. So that seems to kind of follow along with the rule. So what happened when it went to the appellate court in 06? So ultimately in 2006, it was dismissed for lack of jurisdiction because her notice of appeal was untimely. And the reason it was untimely is because her Rule 604D motion was filed late. So in a negotiated guilty plea case, counsel is right that under Rule 606B, it is modified. The timing requirements for filing a notice of appeal are modified by Rule 604D. The relevant post-judgment motion that they have to file their notice of appeal within 30 days of the denial of is the Rule 604D motion to withdraw the plea. It's just unclear. So because the... The appellate decision that counsel is saying, because the court found did not meet the merits that was raised in the notice of appeal in September of 06, that that's a nullity, it's invalid. So going back to this again, there was a motion to withdraw. It was denied. There was a notice of appeal taken from the denial of the motion to withdraw. And was it argued that the rule was not complied with? Or was it just a matter of the timeliness of the filing of the motion to withdraw? No. So it was the second one. So, yes, she did comply with Rule 604D insofar as that she did file a Rule 604D motion. She just did so late, and as a result, it did not extend the time to appeal, which meant that the last timely post-judgment motion was her earlier motion to reconsider her sentence. And because her notice of appeal was filed, I think, a year after that, her notice of appeal was untimely. And consequently, there was no jurisdiction. So in this case, really the issue is whether an untimely direct appeal, which filing a notice of appeal late, unlike noncompliance with Rule 604D, is a jurisdictional error. So in this case, the question is whether a untimely direct appeal is filed for purposes of the Post-Conviction Hearing Act statute of limitations. And the answer is yes, because to file a direct appeal simply means to initiate a direct appeal. That is the plain, commonly understood meaning of the expression. It is just like filing any other legal proceeding. We cite a raft of dictionaries, all of which say that to file a legal action or proceeding means to commence or initiate that proceeding through whatever formal procedure is necessary to do that. And under this Court's rules, and that's where this Court's rules enter into the picture, under this Court's rules, one initiates a direct appeal, a defendant starts a direct appeal by filing a notice of appeal challenging their judgment of conviction, which Petitioner did. One indication of that is that Rule 606A provides that filing a notice of appeal is the only jurisdictional step for perfecting an appeal, although there are a number of other rules that also show that filing a notice of appeal is the thing that starts the appeal. For example, in a rather practical sense, it is what causes the appellate court clerk to docket the appeal under Rule 606F. It is what triggers the trial court's obligation to appoint counsel and prepare and file the record on appeal. And once the record on appeal is filed, that is also what triggers the party's default deadlines for briefing the case under Rule 343. So in a very literal sense, filing a notice of appeal does set the appellate process in motion. And I would also note that all of those things in Petitioner's direct appeal did happen. The appeal was docketed, obviously. Counsel was appointed. The record was filed. The parties were ordered to brief the case, although ultimately they did not wind up briefing the case because Petitioner's appellate counsel noticed the jurisdictional issue and moved for the court to determine that issue before the parties reached that stage. But her appeal was pending for over half a year. So there was no sense in which we can say that her direct appeal didn't start or it wasn't initiated. It was. And I would also point out that the settled legal meaning of the expression file an appeal is also to initiate an appeal by filing a notice of appeal, which you can see from a host of this court's own opinions treating those concepts as synonymous or describing the act of filing a notice of appeal as filing an appeal. And I think perhaps what I was telling is that this court has done that a lot when it is talking about appeals that suffer from fatal procedural defects. So even when it is talking about an appeal, as it did in Walls last year, that was over a decade late and was clearly jurisdictionally defective, it still said that her direct appeal was filed. The same is true with Rule 604D, as it did in Flowers. The court has also described an appeal started in noncompliance with Rule 604D as having been filed, even in the same breath as explaining why it needed to be dismissed. The party should not have been permitted to continue with the appeal she filed because she failed to comply with Rule 604D. Can I ask you this? And I know it's not in your briefs, and I hope I don't catch you too much off There's been recent legislation regarding motions attacking a judgment where an allegation of domestic violence as compulsive is raised. Are you aware of that, and how will that affect this case? Yes. So there is an exception in Section 214.01's limitations period for defendants seeking to raise new non-cumulative evidence of domestic violence. So Petitioner actually, in this case, did seek to file a Section 214.01 petition, and she tried to take advantage of that exception. Ultimately, she withdrew it. But she was not entitled to take advantage of that exception because Petitioner actually did present evidence of domestic violence at her own sentencing hearing, and the evidence that she was trying to raise in her Section 214.01 petition was cumulative of that. So, no, she actually did present extensive evidence of domestic violence at her sentencing hearing, although the trial judge did not find it particularly mitigating. So I guess I would say that there is no effect with regard to that. Counsel, what about the equitable argument? Certainly, I would submit that Petitioner's approach would create a great deal more equitable problems. It would create a substantial amount of confusion. Petitioner's approach is anything but a simple or a clean or a bright-line rule. I mean, the central problem with asking whether the defendant received appellate review on the merits or is eligible to receive appellate review on the merits or has met the procedural requirements necessary for that is that we can never know if a defendant will receive appellate review on the merits or is eligible for it until the end of their appeal. We cannot know that a appeal is timely until the end when it is adjudicated to have been untimely. What that would mean is that a post-conviction petitioner could never know which limitations period would apply until their direct appeal is over. And at that point, it may be too late. So if a defendant's direct appeal was pending for at least three years and then dismissed on a procedural ground, which can happen, that defendant would find out at the very end of their appeal that, under petitioner's view, that they never filed it, which would mean that the three-year limitations period would apply and they would find out that that limitations period applied after it had already expired. So to protect themselves from that risk, a defendant whose direct appeal was still pending as the three-year anniversary of their conviction was approaching, their only surefire way to protect themselves against that risk would be to file a protective post-conviction petition before that three-year anniversary. But that would frustrate the intent that the legislature had, the specific intent that they had, when they added this language to the statute. In 2004, the legislature cabined the three-year limitations period to defendants who do not file direct appeals to solve this problem of defendants of the old three-year limitations period, forcing defendants whose direct appeals were still pending three years in from filing post-conviction petitions while their direct appeals were still pending. And the inefficient simultaneous litigation of post-conviction and direct appeal litigation that required. In addition, I would also note that even after the fact, even once a direct appeal period is over, it's anything but a clean or a bright-blind rule to determine whether that defendant has necessarily received appellate review on the merits, particularly for a pro se litigant. So there can be a number of cases where there's a gray area there. So consider, for example, if a defendant only raised one claim on direct appeal and the appellate court held that that one claim was forfeited, and then they concluded that plain error review does not apply because the first step of plain error review is to decide if there's any error, there's a plain or obvious error, and they concluded that there was no error. And so plain error review did not apply. So we have an opinion that appears to analyze the underlying merits of their claim, but only in the course of concluding that it is procedurally barred. Has that defendant received appellate review on the merits? And more to the point, is there any reason to think that the General Assembly intended to require a pro se litigant to answer a question like that just so that they can figure out when their post eviction petition is due? No, no. We have a simple bright-blind rule, which is that, no, to file a direct appeal means what it always means in this court's opinions and when anyone says it. It means to initiate a direct appeal, which a defendant does by filing a notice of appeal. And it has nothing to do with the circumstances in which that appeal ends. So if a defendant files a direct appeal, then her post conviction petition is due six months after that appeal ends. If she does not file a direct appeal, then it is due three years from her date of conviction. And that's it. If we are to accept everything that you say in this circumstance, that we were to find that the counsel was ineffective going all the way back to the original late filing of the 604D motion, what would be the remedy? There wouldn't necessarily be one, but for purposes of today's work... Are you saying there would be no prejudice? I mean, the question today is whether her post conviction petition was timely. I would say that to the extent that she may suggest that the untimeliness of her post conviction petition has anything to do with her trial counsel's original behavior. There's nothing in the record to suggest that. Ultimately, the untimeliness of her post conviction petition is because she did not file her post conviction petition within six months after her direct appeal ended. That really has nothing to do with her trial counsel, but I can see. But if it did, she could have argued in the trial court that she could have alleged facts showing that her delay was not due to her own culpable negligence, as the Post Conviction Hearing Act requires. If she wanted to argue that her untimeliness was not her fault or that she had an excuse, the Post Conviction Hearing Act provides a mechanism for that, of which she did not seek to avail herself. All right. If there are no further questions, I would simply ask the Court to affirm. Thank you very much. Thank you, Your Honors. Counsel? In the State's brief, they stated that Rule 604D was irrelevant for this Court's determination in this case. I don't see legally how that is defensible because this is a negotiated guilty plea case. The State wishes to argue that the only thing the Court needs to look at under Rule 606A is what it means to file a direct appeal. That is not what is at issue in this case because under Rule 604D and under the comments, one cannot file a notice of appeal in the first place unless the proper post plea motion is filed. So that is what is at issue here. The State does not want to look at the preliminary prerequisite question of whether a notice of appeal can even be filed in the first place. I know the State argued that we don't know what happens when a notice of appeal goes up because it could be something on the merits. In this particular circumstance, we're dealing with a negotiated guilty plea. There could not be any determination on the merits because the only thing that an untimely notice of appeal provides is jurisdiction for the appellate court to dismiss the appeal. Going back to Justice Tice's question earlier regarding the first notice, Judge, the dates were in February 14th of 2006. That's when appellate appointed counsel filed an amended motion to withdraw the plea. Ms. Lightheart, as you had stated, had filed it on October 14th of 2004. On February 14th of 2006, the trial court heard and denied the motion. On February 21st, 2006, a notice of appeal was filed from that. And on September 19th, 2006, the appellate court dismissed it because the notice of appeal lacked jurisdiction. So what is important, though, here is the, in our perspective, was the date of the sentence. So she, Ms. Lightheart, had three years from the date of the sentence, which is considered the conviction for purposes of a criminal case, to file the post-conviction petition. And her allegation in these post-conviction petition was that her original counsel was ineffective because she filed the wrong post-plea motion. That is what we are trying to get back into the trial court and which the trial judge said was clearly a legitimate claim. I think that the Byrd decision and Lightheart that followed it in lockstep are just dead and wrong. You can't base a negotiated guilty plea case without reference to Rule 604D and Rule 606B. That is what the state attempted to argue here along with Byrd. Instead, Ross, which was a much earlier decision from the third district, they got it right. They said basically where the improper post-plea motion is not timely filed, then you have three years in which to file it. I think that provides a bright line rule, and I think the state's position would cause chaos because most of these petitions are being filed by pro se defendants. They don't know what the meaning of the notice is necessarily when they file it, and why should we penalize someone who files a notice of appeal trying to maybe preserve their rights, where like in this case counsel was ineffective, but then gives someone who just simply for whatever reason doesn't file a notice of appeal three years. It just seems inequitable. Reference was also made to the new legislation that was coming out on domestic violence. Yes, the 214.01, that's presently pending. I believe it's up maybe this week for the third vote in the House on the bill, and it would provide a means hopefully for those petitioners to be able to go back. What it does, it actually changes the earlier law in 214.01B5 that actually only provided defendants who were subject to domestic violence if there was no evidence set forth at their sentencing hearing. So I actually litigated I think the only case that has a reported opinion, though it's unpublished, People v. Risch, and we were actually able to prevail in Ms. Risch's case on appeal because she had no evidence of domestic violence, and she has now been released from prison after over 35 years. So the new legislation that is pending would allow petitioners like Ms. Lightheart, even though some evidence of domestic violence was set forth in the sentencing hearing, to go back and file a new petition if that the language stays the way it is. Without a statute of limitations. Pardon? Without a statute of limitations. Yes, that's correct. That answer came before this. That's exactly right. That's a major part. So if the legislation remains as it is and is basically retroactive, she would be able to go back and hopefully litigate that under Section 2-1401B5. If there are no further questions, I just want to thank you very much for your time and consideration and ask that you reverse the Second District's decision and remand for further proceedings on the merits. Thank you very much. Thank you, counsel. Case number 128398, People v. State of Illinois v. Jessica Lightheart, will be taken under advisement. Thank you very much.